IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No.: |
| HARBORTOWN INDUSTRIES, INC., | ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, HARTFORD ACCIDENT AND INDEMNITY COMPANY ("Hartford") by its attorneys, Ashley L. Conaghan of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendant, HARBORTOWN INDUSTRIES, INC. ("Harbortown"), state as follows:

**STATEMENT OF CASE**

1. This action seeks a declaration that Hartford owes no insurance coverage obligations to the Harbortown in connection with the claims against it in a lawsuit styled as *MCS Industries, Inc. v. Michaels Stores, Inc., the Michaels Companies, Inc., Michaels Stores Procurement Company Inc. and Harbortown Industries, Inc.* Case Number 5:21-cv-02563 currently pending in the United States District Court for the Eastern District of Pennsylvania (hereinafter the "*MCS* suit"). A copy of the Second Amended Complaint in the *MCS* suit is attached hereto as Exhibit A.

1

## JURISDICTION AND VENUE

2. Hartford is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut.

3. Harbortown is a company formed under the laws of the State of Illinois with its principal place of business in Illinois.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and Hartford is not a citizen of any state in which any of the Defendant is a citizen.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendant, who does business and/or resides within this District and because this case involves coverage under certain insurance policies issued in this District and/or concerning a lawsuit arising from events that allegedly happened in this District.

## FACTS

6. On June 4, 2021, MCS Industries, Inc. ("MCS") filed the *MCS* suit against Michaels Stores, Inc., the Michaels Companies, Inc., Michaels Stores Procurement Company Inc. (collectively "Michaels").

7. On November 3, 2021, MCS filed the Second Amended Complaint in the *MCS* suit and named Harbortown as a defendant.

8. The *MCS* suit alleges that in April 2021, MCS's agent discovered Michaels was selling infringing pictures frames that infringed on MCS's trademarks and copyrights, including MCS's trademark "FORMAT" for picture frames and two copyrights for the design, art, language

and layout of the FORMAT instructions and later discovered Harbortown's involvement. (Ex. A ¶¶ 10, 28-29, 32-37, 55, 74).

9. The *MCS* suit alleges that Harbortown "willfully and intentionally designed, manufactured, and distributed [the Structure] picture frames infringing MCS's trademarks and copyrights to retail stores" and its "use of an identical reproduction of the [FORMAT] Instructions infringes [MCS's] federally registered trademarks and copyrights." (Ex. A ¶¶77-78).

10. The Second Amended Complaint alleges causes of action against all defendants in the *MCS* suit, including Harbortown, for: (1) Trademark Infringement/Injunctive Relief; (2) Violation of the Lanham Act (15 U.S.C. 1125(a)); (3) Violation of the Lanham Act – Trademark Counterfeiting (15 U.S.S. §1117); (4) Copyright Infringement/Injunctive Relief (17 U.S.C. §502 *et seq.*); and (5) Copyright Infringement/Damages (17 U.S.C. §504 *et. seq.*). (See, Ex. A).

11. Hartford issued liability policies to Harbortown bearing policy number 83 UUN PY5511 effective from January 1, 2018 to January 1, 2023. Copies of the 2018-2019 Policy, 2019-2020 Policy, 2020-2021 Policy, 2021-2022 Policy, and 2022-2023 Policy are attached respectively as Exhibits B-F (collectively referred to as the "Policies")[1].

12. Subject to all of their terms, the Policies provide in part as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and

---

[1] Prior to these policies issued by Hartford Accident, a different writing company, Hartford Fire Insurance Company, issued liability policies to Harbortown bearing policy number 83 UUN PY5511 effective from March 1, 2014 to January 1, 2018. These other policies pre-date the allegations in the *MCS* suit. To the extent these older policies are relevant, they contain substantially the same terms.

"our" refer to the stock insurance company member of The Hartford providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II**-Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V**-Definitions.

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" and "property damage" is caused by an "occurrence"…

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

4

\* \* \*

2. **Exclusions**

   This insurance does not apply to:

   a. **Expected Or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

\* \* \*

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply…

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\* \* \*

2. **Exclusions**

   This insurance does not apply to:

   a. **Knowing Violation of Rights of Another**

      "Personal and advertising injury" arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

5

    **b.**    **Material Published With Knowledge of Falsity**

"Personal and advertising injury" arising out of oral, written or electronic publication of material, in any manner, if done by or at the direction of the insured with knowledge of its falsity.

    **c.**    **Material Published Prior to Policy Period**

"Personal and advertising injury" arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period.

* * *

    **i.**    **Infringement of Intellectual Property Rights**[2]

    **(1)**    "Personal and advertising injury" arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity; or

    **(2)**    Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.

However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:

    **(1)**    Infringement, in your "advertisement" or on "your web site", of:

    **(a)**    Copyright;

    **(b)**    Slogan; or

---

[2] Quoted as amended by the endorsement "Cyberflex Amendment of Coverage B – Personal and Advertising Injury" Form HC 00 88 09 16.

      **(c)**    Title of any literary or artistic work; or

**(2)**    Copying, in your "advertisement" or on "your web site", a person's or organization's "advertising idea" or style of "advertisement".

      \* \* \*

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

      \* \* \*

**2.**    **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.**    **Notice Of Occurrence Or Offense**

You or any additional insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1)    How, when and where the "occurrence" or offense took place;

(2)    The names and addresses of any injured persons or witnesses; and

(3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.**    **Notice Of Claim**

If a claim is made or "suit" is brought against any insured, you or any additional insured must:

(1)    Immediately record the specifics of the claim or "suit" and the date received; and

(2)    Notify us as soon as practicable.

You or any additional insured must see to it that we receive written notice of the claim or "suit" as soon as practicable.

7

        **c.**    **Assistance And Cooperation Of The Insured**

        You and any other involved insured must:

        **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        \* \* \*

**SECTION V – DEFINITIONS**

1.   "Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

    **a. (1)**    Radio;

        **(2)**    Television;

        **(3)**    Billboard;

        **(4)**    Magazine;

        **(5)**    Newspaper;

        **(6)**    The Internet;

    **b.**    Any other publication that is given widespread public distribution.

    However, "advertisement" does not include:

    **a.**    The design printed material, information or images contained in on or upon the packaging or labeling of any goods or products; or

    **b.**    An interactive conversation between or among persons trough a computer network.

2.   "Advertising idea" means any idea for an "advertisement."

    \* \* \*

5.   "Bodily injury" means physical:

    **a.**    Injury;

    **b**.    Sickness; or

    **c.**    Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

* * *

16.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17.    "Personal and advertising injury"[3] means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral, written or electronic publication of material that violates a person's right of privacy;

    **f.**    Copying, in your "advertisement" or on "your web site"[4], a person's or organization's "advertising idea" or style of "advertisement";

---

[3] Quoted as amended by the "Discrimination - Amendment of Personal and Advertising Injury Definition" Form HC 30 06 09 16 and by the "Cyberflex Amendment of Coverage B – Personal and Advertising Injury" Form HC 00 88 09 16.

[4] The "Cyberflex Amendment of Coverage B – Personal and Advertising Injury" Form HC 00 88 09 16 adds the following definition:

> "Your web site" means a web page or set of interconnected web pages prepared and maintained by you, or by others on your behalf, for the purpose of promoting your business or promoting your goods, products or services, that is accessible over an internet.

    **g.**    Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement" or on "your web site"; or

    **h.**    Discrimination that results in humiliation or any other injury to the feelings or reputation of a natural person, provided that such discrimination is not committed by or at your direction, or the direction of any partner, member, manager, "executive officer", director, stockholder or trustee of the insured.

\* \* \*

20.     "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

As used in this definition computerized or electronically stored data, programs or software are not tangible property. Electronic data means information, facts or programs:

    **a.**    Stores as or on;

    **b.**    Created or used on; or

    **c.**    Transmitted to or from;

computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

21.     "Suit" means a civil proceeding in which damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

      **a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

      **b.**    Any other alternative dispute resolution proceeding in which the insured submits with our consent.

* * *

(Form HG 00 01 09 16).

13. Harbortown has demanded that Hartford defend and indemnify it under the Policies with respect to the claims in the *MCS* suit.

14. Plaintiff denies it owes Harbortown any defense or indemnity obligation with respect to the *MCS* suit.

15. An actual and justiciable controversy exists between Plaintiff and Defendant as to the availability of insurance coverage for Harbortown with respect to the *MCS* suit. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

<strong><u>Count I</u></strong><br><strong><u>No "Bodily Injury" or "Property Damage" Caused by an "Occurrence"</u></strong>

16. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

17. Subject to all of their terms, the Policies provide coverage for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in the Policies. (See, Exs. B-F).

18. The claims in the *MCS* suit do not concern claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

19. Accordingly, Plaintiff does not owe any defense or indemnity obligation to Harbortown under the "bodily injury" or "property damage" coverage of the Policies for the claims in the *MCS* suit.

WHEREFORE, Plaintiff, Hartford Accident and Indemnity Company, prays that this Court enter the following relief:

A. A declaration finding that Plaintiff owes no duty to defend or indemnify Harbortown for the claims against it in the *MCS* suit; and

B. For all such just and equitable relief, including costs of this suit.

## Count II
## No "Personal and Advertising Injury"

20. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

21. Subject to all of their terms, the Policies provide coverage for "damages" because of "personal and advertising injury" as those terms are defined and used in the Policies. (See, Exs. B-F).

22. The claims in the *MCS* suit do not concern claims for "damages" because of "personal and advertising injury."

23. Therefore, Hartford does not owe any defense or indemnity obligations to Harbortown for the claims in the *MCS* suit.

WHEREFORE, Plaintiff, Hartford Accident and Indemnity Company, prays that this Court enter the following relief:

    A.    A declaration finding that Plaintiff owes no duty to defend or indemnify Harbortown for the claims against it in the *MCS* suit; and

    B.    For all such just and equitable relief, including costs of this suit.

## Count III
## Intellectual Property Exclusion Precludes Coverage

24.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

25.    The Policies preclude coverage for claims arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity and for any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property rights, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit." (See, Exs. B-F).

26.    The *MCS* suit alleges claims for violation of MCS's intellectual property rights, including trademark and copyright infringement.

27.    Therefore, to the extent any "personal and advertising injury" is alleged, the claims in the *MCS* suit fall within the Intellectual Property Exclusion in the Policies.

28.    Accordingly, there is no duty to defend or indemnify Harbortown for the claims in the *MCS* suit.

WHEREFORE, Plaintiff, Hartford Accident and Indemnity Company, prays that this Court enter the following relief:

    A.    A declaration finding that Plaintiff owes no duty to defend or indemnify Harbortown for the claims against it in the *MCS* suit; and

B.    For all such just and equitable relief, including costs of this suit.

## Count IV
### Expected or Intended Injury and Knowing Violation Exclusions Preclude Coverage

29.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

30.    The Expected or Intended Injury Exclusions in the Policies preclude coverage for any "bodily injury" or "property damage" which is expected or intended from the insured's standpoint. The Knowing Violation of Rights of Another Exclusion also precludes coverage for "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury." (See, Exs. B-F).

31.    To the extent that any injury or damage for "bodily injury," "property damage", or "personal and advertising injury" is alleged in the *MCS* suit, the Expected or Intended Injury and Knowing Violation Exclusions in the Policies bar coverage.

32.    Thus, there is no duty to defend or indemnify Harbortown for the claims in the *MCS* suit.

WHEREFORE, Plaintiff, Hartford Accident and Indemnity Company, prays that this Court enter the following relief:

A.    A declaration finding that Plaintiff owes no duty to defend or indemnify Harbortown for the claims against it in the *MCS* suit; and

B.    For all such just and equitable relief, including costs of this suit.

**Count V**
**Knowledge of Falsity Exclusion Precludes Coverage**

33. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

34. The Knowledge of Falsity Exclusion in the Policies preclude coverage for "personal and advertising injury" that arises out of publication of material done at the direction of the insured with knowledge of its falsity. (See, Exs. B-F).

35. To the extent that there is any "personal and advertising injury," the Knowledge of Falsity Exclusion in the Policies bars coverage.

36. Accordingly, there is no duty to defend or indemnify Harbortown for the claims in the *MCS* suit.

WHEREFORE, Plaintiff, Hartford Accident and Indemnity Company, prays that this Court enter the following relief:

A. A declaration finding that Plaintiff owes no duty to defend or indemnify Harbortown for the claims against it in the *MCS* suit; and

B. For all such just and equitable relief, including costs of this suit.

**Count VI**
**Prior Publication Exclusion Precludes Coverage**

37. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

38. The Prior Publication Exclusion in the Policies preclude coverage for "personal and advertising injury" that arises out of publication of material which first took place before the policy began. (See, Exs. B-F).

15

39. To the extent that there is any "personal and advertising injury," the Prior Publication Exclusion in the Policies bars coverage for any publication which took place before any of the Policies.

40. Accordingly, there is no duty to defend or indemnify Harbortown for such claims in the *MCS* suit.

WHEREFORE, Plaintiff, Hartford Accident and Indemnity Company, prays that this Court enter the following relief:

A. A declaration finding that Plaintiff owes no duty to defend or indemnify Harbortown for these claims against it in the *MCS* suit; and

B. For all such just and equitable relief, including costs of this suit.

## Count VII
## No Coverage Outside Policy Periods

41. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

42. Subject to all of their terms, the Policies only provide coverage if the "bodily injury" and "property damage" occur during their respective policy period or if the "personal and advertising injury" is caused by an offense committed during the respective policy period.

43. MCS allegedly discovered the sale of the infringing Structure pictures frame in April 2021 and incurred a reduction in sales of its FORMAT picture frames following the "introduction of Michaels' 'Structure' brand frames" in 2020. (Ex. A ¶¶55, 82).

44. The 2018-2019 Policy was effective January 1, 2018 to January 1, 2019. (Ex. B). The 2019-2020 Policy was effective January 1, 2019 to January 1, 2020. (Ex. C). The 2020-2021 Policy was effective January 1, 2020 to January 1, 2021. (Ex. D). The 2021-2022 Policy was effective

January 1, 2021 to January 1, 2022. (Ex. E). The 2022-2023 Policy is effective January 1, 2022 to January 1, 2023. (Ex. F).

45. To the extent that any of the claims in the *MCS* suit concern "bodily injury," "property damage" or "personal and advertising injury," those injuries, damages and/or offenses which took place before or after the 2018-2019 Policy, 2019-2020 Policy, 2020-2021 Policy, 2021-2022 Policy, and/or 2022-2023 Policy, there is no coverage for those claims under those respective policies.

46. Accordingly, there is no duty to defend or indemnify Harbortown for such claims in the *MCS* suit.

WHEREFORE, Plaintiff, Hartford Accident and Indemnity Company, prays that this Court enter the following relief:

    A. A declaration finding that Plaintiff owes no duty to defend or indemnify Harbortown for these claims against it in the *MCS* suit; and

    B. For all such just and equitable relief, including costs of this suit.

### Count VIII
### No Coverage For Uncovered Damages

47. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

48. Subject to all of their terms, the Policies only require that the insurer pay "damages" which the insured becomes legally obligated to pay. (See, Exs. B-F).

49. The *MCS* suit seeks in part disgorgement of profits, punitive, trebled or exemplary statutory damages, and attorneys' fees.

50. These claims do not seek "damages" under the Policies as that term is defined and used in the Policies and/or under applicable public policy.

WHEREFORE, Plaintiff, Hartford Accident and Indemnity Company, prays that this Court enter the following relief:

A. A declaration finding that Plaintiff owes no coverage to Harbortown for this relief in the *MCS* suit; and

B. For all such just and equitable relief, including costs of this suit.

### Count IX
### Breach of Notice Condition

51. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

52. The Policies require that Hartford be notified of an "occurrence", offense, claim or "suit" as soon as practicable. (See, Exs. B-F).

53. The *MCS* suit was initially filed on June 4, 2021.

54. Harbortown was aware at least as early as July 15, 2021 of an issue with the production of the Structure picture frames for Michaels and claims by MCS, Michaels' former supplier of the Format picture frames.

55. Hartford's first notice of the *MCS* suit and the matters described therein was on November 15, 2021.

56. Because Hartford failed to receive timely notice, the notice provisions in the Policies were breached and whatever coverage might have otherwise been available for the claims in the *MCS* suit have been forfeited.

57. Therefore, Hartford owes no duty to defend or indemnify Harbortown for the claims in the *MCS* suit.

WHEREFORE, Plaintiff, Hartford Accident and Indemnity Company, prays that this Court enter the following relief:

A. A declaration finding that Plaintiff owes no duty to defend or indemnify Harbortown for the claims against it in the *MCS* suit; and

B. For all such just and equitable relief, including costs of this suit.

### Count X
### Known Loss/Loss in Progress Doctrine Precludes Coverage Under the 2022-2023 Policy

58. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

59. Harbortown was named in the suit by November 3, 2021 and was aware it was a named defendant in the *MCS* suit by at least November 8, 2021.

60. Harbortown was aware at least as early as July 15, 2021 of an issue with the production of the Structure picture frames for Michaels and claims by MCS, Michaels' former supplier of the Format picture frames.

61. Harbortown was aware of a loss or probable loss before the January 1, 2022 inception of the 2022-2023 Policy. (See, Ex. F).

62. The Known Loss/Loss in Progress doctrine precludes coverage for the *MCS* suit under the 2022-2023 Policy.

63. Therefore, Hartford has no duty to defend or indemnify Harbortown for the claims in the *MCS* suit under the 2022-2023 Policy.

WHEREFORE, Plaintiff, Hartford Accident and Indemnity Company, prays that this Court enter the following relief:

A. A declaration finding that Plaintiff owes no duty to defend or indemnify Harbortown for the claims against it in the *MCS* suit under the 2022-2023 Policy; and

B. For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

HARTFORD ACCIDENT AND INDEMNITY COMPANY

By:       Ashley L. Conaghan
          One of Its Attorneys

Ashley L. Conaghan (6303052) - ashley.conaghan@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550; (312) 704-1522 (fax)